IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  Plaintiff,

    v.

CURTIS FAUSTICH,

                  Defendant.

ORDER

10-cr-86-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Curtis Faustich has filed a motion in his closed criminal case for the return of property under Fed. R. Crim. P. 41(g), alleging that currency, two lap top computers, an Ipod and a flat screen computer were taken from his residence against his will by state and federal law enforcement officers in the course of executing a warrant and never returned to him. Because defendant's criminal case is closed, he can proceed only by way of a civil equitable proceeding. United States v. Shaaban, 602 F.3d 877, 878-89 (7th Cir. 2010) ("We have held that, once a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding") ((citing United States v. Howell, 354 F.3d 693, 695 (7th Cir. 2004)), for which defendant must pay a filing fee.

      If defendant wishes to proceed on his motion, he will have to send the court a check

1

for $350. If he is unable to pay this amount, he must make an initial partial payment of the $350 filing fee, as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. To allow the court to calculate an initial partial payment, defendant will have to submit a trust fund account statement. Defendant's motion was filed on April 11, 2011. His trust fund account statement should cover the six-month period beginning approximately October 11, 2010 and ending approximately April 11, 2011. Once defendant has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Defendant should show a copy of this order to prison officials to insure that they are aware they should send a copy of defendant's six-month trust fund account statement to this court.

ORDER

IT IS ORDERED that defendant Curtis Faustich may have until May 10, 2011, in which to submit a certified copy of his trust fund account statement for the period beginning approximately October 11, 2010 and ending approximately April 11, 2011. If, by May 10, 2011, defendant fails to respond to this order, I will assume that he does not wish to pursue his

2

motion for the return of his property.

Entered this 13th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge